# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: Kevin Clark                                                     Chapter 13

Debtor.                                                                         Case No. 21-13326

## MOTION TO WITHDRAW AS COUNSEL

Michelle Lee, of Dilworth Paxson, movant herein and attorney for the above debtor, hereby requests that this Honorable Court grant her motion to withdraw as attorney for this debtor and alleges as follows:

**Rental Property Litigation**

1. On March 25, 2022, Debtor's Landlord filed his first Motion for Relief for unpaid rent. [DI 24]

2. The issue became complicated because multiple disputes arose, including automatic stay violations, an oral rent-to-own, and fraud.

3. The motion was denied after multiple hearings and trial, briefs, and opinion by Judge Coleman [DI 139/140 ].

4. The Court ordered the post-petition unpaid rent to be paid. However, Mr. Clark failed to escrow the 22 months of rent as previously directed by counsel and Judge Coleman. A non-profit agency offered 6 months of rent assistance (approximately $42,000).

5. On November 24, 2023, a Motion for Relief was filed for unpaid rent in violation of Judge Coleman's order and a request for relief to proceed in state court under a hybrid ejectment/foreclosure action.

6. Mr. Clark, upon information and belief, engaged Stucker and Yates to pursue setoff claims against the landlord in lieu of rent, fraud and other reasons. Counsel remains

**Error! Unknown document property name.**

      unsure if that firm is still engaged, but assumes not since she has not heard from the firm in more than a year.

7. The motion was continued multiple times.

8. During this time, Mr. Clark accused Counsel of ineffective counsel because she disagreed with his legal strategy.

9. Counsel advised that she intended to withdraw as counsel. Counsel only remained after Mr. Clark apologized and after conversations with Stucker & Yates.

10. Eventually, on October 16, 2024, after additional litigation and negotiations, the parties entered into a stipulation to resolve the arrears, sanctions, determination of maintenance responsibilities, and finalized the terms of the rent-to-own agreement, including an extension of the end date. [DI 191]

**Truck Litigation**

11. On April 26, 2022, a Motion for Turnover was filed against the landlord to return a 2012 Isuzu truck. [DI 33] The dispute was over whether the parties had an oral rent-to-own.

12. Hearings related to the turnover motion were continued multiple times because of debtor's health. See e.g. [DI 62, DI 81]

13. On March 29, 2023, the Landlord filed a Motion for Relief related to a 2012 Isuzu Truck. [DI 102].

14. On July 25, 2023, Mr. Clark agreed to a Stipulation to resolve the Turnover and Relief motion. [DI 117] Mr. Clark received title to the vehicle, credit toward a rent-to-own, and a reduced balance to be paid through the plan in exchange for mutual releases.

**Error! Unknown document property name.**

15. After the Stipulation was approved by the court and the November 23rd Motion for Relief was filed, Mr. Clark accused counsel of ineffective counsel because she disagreed with his legal strategy. Counsel only remained after Mr. Clark apologized and after conversations Stucker & Yates.

**Motions to Dismiss**

16. Since confirmation, the trustee has filed multiple motions to dismiss for failure to make payments.

17. On June 13, 2024, the trustee filed a Motion to Dismiss for Failure to Make Payments ("First MTD") [DI 170] A motion to modify the plan was filed to cure the arrears, however, the hearing was continued multiple times because of Debtor's health and truck repairs.

18. On November 21, 2024, Judge Mayer directed debtor to make the required payment by December 16, 2024, or else the case would be dismissed.

19. On January 22, 2025, following a hearing before Judge Mayer, an amended plan was filed to roll in accrued arrears since filing of the modified plan. [DI 206]

20. On April 18, 2025, the motion to modify was finally granted, and the First MTD was withdrawn.

21. On August 20, 2025, the trustee filed a Motion to Dismiss for Failure to Make Payments ("Second MTD"). [DI 230]

22. The Second MTD has been continued multiple times with no payment to the trustee, because of Debtor's health. Debtor has appeared at the hearings, except for one where a relative died and he was granted a continuance without an appearance.

**Error! Unknown document property name.**

23. After multiple hearings, the Court ordered debtor to file a motion to modify by December 31, 2025.

24. On December 31, 2025, a Motion to Modify Plan was filed [DI 235]

25. An Amended Motion to Modify and modified plan was filed on January 6, 2026 [DI 239/240]

26. On January 22, 2026, this court ordered the parties to set a date for an evidentiary hearing.

27. Counsel and the trustee discussed dates and the need for information from Debtor's social security lawyer after the hearing. On January 22nd, Counsel emailed Debtor for the requested information and need for his lawyer's availability for February 12th and advised that counsel had to report to the trustee by Monday, January 25th to report to the court.

28. Counsel did not hear from Debtor until Tuesday, December 26th. Counsel still has not received the information. Counsel has once again been wrongfully accused of ineffective assistance because she disagrees with Debtor's legal strategy.

**Attorney Fees**

29. Counsel filed her first application on October 17, 2023. [DI 144] The total timeslips totaled $22,995.00, however, counsel reduced the fee to $18,637.60. The fee is paid in full.

30. Counsel filed a supplemental application on March 25, 2025. [DI 215] The attached timeslips totaled $12,250.00, however, counsel reduced the fee to $7,000.00. Debtor has not made a payment to the trustee since April, 2025, therefore, counsel has only received $176.80.

**Error! Unknown document property name.**

31. Debtor has incurred additional fees related to the Motion to Dismiss and notices of default by landlord.

32. The January 6th plan only sought $1850.00 as of the date the motion to modify, even though the hours exceed $1850.00.

33. Since the Motion was filed, additional work has been performed related to the Second MTD and motion to modify plan.

34. Counsel anticipates additional costs related to an evidentiary hearing, additional modified plans, with no prospect of payment. Counsel cannot reduce fees further.

35. If Debtor's case is dismissed, counsel will not recover the approximate $10,000-16,000.00.

**Withdraw**

36. Based on the above, counsel has done all that she can do to represent this client and *must* decline any further representation under Rule 1.16(a)(1) since further representation will result in violation of the Rules of Professional Conduct and the Bankruptcy Code.

37. Counsel *may* withdraw under Rule 1.16(b)(4), because Mr. Clark insists upon taking action that counsel considers repugnant AND with which counsel has a fundamental disagreement.

38. Counsel *may* withdraw under Rule 1.16(b)(6), because the representation will result in an unreasonable financial burden on counsel.

39. Counsel *may* withdraw under Rule 1.16(b)(6), because the representation has been rendered unreasonably difficult by Mr. Clark.

**Error! Unknown document property name.**

40. Counsel *may* withdraw under Rule 1.16(b)(5), because Mr. Clark has failed to substantially fulfill an obligation to Counsel regarding Counsel's services and has been given reasonable warning that Counsel would withdraw unless the obligation is fulfilled.

41. Counsel *may* withdraw under Rule 1.16(b)(7) since other good cause for withdrawal exists.

42. To avoid a material adverse impact on debtor, counsel requests debtor has until February 28, 2026 to obtain new counsel.

January 30, 2026

/s/ Michelle Lee

Michelle Lee, Esq.
Dilworth Paxson LLP
1650 Market Street, Suite 1200
Philadelphia, PA 19103

**Error! Unknown document property name.**